UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NORRIS VESSELL, SR.**                                   **CIVIL ACTION**

**VERSUS**                                                **NO.  12-1325**

**STATE OF LOUISIANA**                                    **SECTION "A"(4)**
**(PARISH OF ORLEANS)**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.   State Factual and Procedural Background

The petitioner, Norris Vessell, Sr. ("Vessell") is a convicted inmate currently incarcerated in the Franklin Parish Detention Center in Winnsboro, Louisiana.[2]  On June 24, 2010, Vessell was

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 16.

indicted by a Grand Jury in Orleans Parish and charged with one count of first degree injuring of public records and two counts of failure to register as a sex offender.[3]

The record reflects that Vessell was previously convicted in 1993 on his pleas of guilty to the charges of cruelty to a juvenile and molestation of a juvenile, for which he received concurrent prison sentences of ten and twelve years, respectively, which he has already served.[4] This conviction required that he comply with Louisiana's sex offender registration laws. The charges for which he now stands convicted are based on his failure to register his 2006 Nissan truck in his name in a timely manner and failing to register documents related to a 1999 Plymouth Voyager, all related to the statutory requirements for registration as a sex offender.[5]

Vessell entered pleas of guilty to each count in the indictment on September 30, 2010.[6] After waiver of legal delays, the Trial Court sentenced Vessell on count one, injuring public records, to serve thirty months in prison at hard labor and seven years in prison at hard labor on each of counts two and three, both failure to register. The Court ordered the sentences to run concurrently.

At the same hearing and immediately following the imposition of sentence, the State filed a multiple offender bill charging Vessell as a second felony offender in connection with count one.[7] Vessell entered a plea of guilty to the multiple bill. The Court vacated the original sentence and

---

[3] St. Rec. Vol. 1 of 3, Indictment (four pages), 6/24/10.

[4] St. Rec. Vol. 3 of 3, Motion to Reconsider Sentence, dated 10/14/10; St. Rec. Vol. 1 of 3, Multiple Bill, 9/30/10.

[5] *Id.*; St. Rec. Vol. 2 of 3, 4th Cir. Writ Application, 2010-K-1373, p. 8, 9/29/10.

[6] St. Rec. Vol. 1 of 3, Plea Minutes (two pages), 9/30/10; Waiver of Constitutional Rights Plea of Guilty Form, 9/30/10.

[7] St. Rec. Vol. 1 of 3, Plea Minutes (two pages), 9/30/10; Multiple Bill, 9/30/10.

resentenced him as a second offender to serve thirty months in prison at hard labor concurrently with the other sentences.[8]

On October 14, 2010, Vessell timely[9] submitted to the Trial Court a motion to reconsider his sentence.[10] He argued that the seven year sentences on counts two and three were harsh and excessive due to the fact that he did not intentionally fail to register his vehicles in violation of the sex offender registration laws.[11] The Court denied the motion on November 15, 2010, finding the sentences imposed were part of the plea agreement entered into by Vessell and that the sentences totaled a seven year jail term, which was less than the statutory maximum allowed by state law.[12]

On December 3, 2010, Vessell filed an application for writ of review with the Louisiana Fourth Circuit Court of Appeal seeking consideration of his motion to reconsider, claiming that the Trial Court had "ignored" his motion to reconsider.[13] The Louisiana Fourth Circuit denied the application as moot on January 13, 2011, finding that the Trial Court had already ruled on Vessell's motion.[14]

---

[8]St. Rec. Vol. 1 of 3, Plea Minutes (two pages), 9/30/10; Waiver of Constitutional Rights Plea of Guilty Multiple Offender, 9/30/10.

[9]Under Louisiana law, a defendant has thirty (30) days after sentencing to seek reconsideration of the sentence. La. Code Crim. P. art. 881.1.

[10]St. Rec. Vol. 3 of 3, Motion to Reconsider Sentence, dated 10/14/10; *see also*, Trial Court's Order, 11/15/10 (dated 11/12/10) (deeming the motion to reconsider timely filed).

[11]*Id.*, pp. 4, 5.

[12]St. Rec. Vol. 3 of 3, Trial Court Order, 11/15/10 (dated 11/12/10).

[13]St. Rec. Vol. 3 of 3, 4th Cir. Writ Application, 2010-K-1702, 12/3/10.

[14]St. Rec. Vol. 3 of 3, 4th Cir. Order, 2010-K-1702, 1/13/11.

Thereafter, on February 1, 2011, Vessell filed an identical writ application with the Louisiana Supreme Court.[15] The Court denied the application without stated reasons on January 13, 2012.[16] The Court also denied Vessell's request for reconsideration on April 13, 2012.[17]

## II.     Federal Petition

On May 22, 2012, the clerk of Court filed Vessell's federal petition for habeas corpus relief.[18] Vessell did not identify or assert any grounds for relief in the form petition. Instead, he wrote on the form a reference to "original documents enclosed (brief)."[19] Contrary to this, Vessell did not attach a brief in support of his federal petition. Vessell instead attached copies of some of his state court pleadings and the state court rulings related to his motion to reconsider the sentence. Broadly construing his federal petition and the referenced attachments, the Court will consider Vessell's argument that his seven year sentences on counts two and three are excessive, because he did not intentionally violate the sex offender registration provisions.

The State filed a response in opposition to the petition arguing that Vessell did not timely file his petition. Alternatively, the State concedes that, because the state courts addressed the merits of his motion to reconsider, his claim is exhausted and not in procedural default. However, the State argues that Vessell's sentences were not unconstitutionally excessive, and he is not entitled to relief.

---

[15]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 11-KH-0228, 2/1/11.

[16]*State ex rel. Vessell v. State*, 77 So.3d 956 (La. 2012); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2011-KH-0228, 1/13/12.

[17]*State ex rel. Vessell v. State*, 85 So.3d 1236 (La. 2012); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2011-KH-0228, 4/13/12; Request for Reconsideration, 11-KH-228, 1/24/12 (postal metered 1/20/12, dated 1/19/12).

[18]Rec. Doc. No. 1.

[19]Rec. Doc. No. 1, p. 5.

### III.     General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[20] applies to this petition, which is deemed filed in this Court no later than May 2, 2012.[21] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

As noted above, the State concedes exhaustion and the claims are not in procedural default. The State argues, however, that Vessell did not timely file his federal petition. The State basis its argument on its calculation of the finality of Vessell's conviction. The State calculates Vessell's conviction final under Louisiana law on October 30, 2010, which was thirty days after he was sentenced. That date, however, was a Saturday and could not have served as the last day of a period under Louisiana law. La. Code Crim. P. art. 13. Nevertheless, the State contends that Vessell's

---

[20]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[21]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Vessell's federal habeas petition on May 22, 2012, when the filing fee was received. Vessell originally submitted without a date or signature, which he later added at the request of the clerk of court. However, his original cover letter was dated May 2, 2012 and received by the clerk of court on May 4, 2012. This is the earliest date appearing in the record on which he could have delivered the pleadings to prison officials for mailing to the Court. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 376).

motion to reconsider the sentence and the related writ applications were not procedurally proper under Louisiana law and did not impact the finality of his conviction or afford him any tolling benefit under the AEDPA statute of limitations considerations.[22]

Under Louisiana law, a defendant has thirty days after his sentencing to seek reconsideration of the sentence or move for leave to appeal where an appeal lies. La. Code Crim. P. art. 914;[23] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)); *Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914). Vessell submitted his motion to reconsider on October 14, 2010, which was within thirty days of his sentencing. The Trial Court deemed the motion timely filed and addressed the merits of the motion under the parameters of La. Code Crim. P. art. 881.1.

Louisiana law also provides that, when a timely motion to reconsider the sentence is filed, the defendant has thirty days from the ruling on that motion to move for appeal or file a writ for supervisory review where there is no appeal. La. Code Crim. P. art. 914(b)(2); La. Code Crim. P. art. 912.1(C)(1). In this case, Vessell did not appeal his conviction after the denial of the motion to

---

[22]The federal courts have recognized that motions to correct illegal sentences or to reconsider sentences of this sort are "other collateral review" under § 2244(d)(2) for purposes of tolling. *Sampia v. Cain*, 48 F. App'x 916, 2002 WL 31114916, at *4 (5th Cir. Sept. 9, 2002) (motion to correct illegal sentence under Louisiana law); *Lamison v. Cain*, No. 01-1168, 2001 WL 1301435, at *3 (E.D. La. Oct. 15, 2001) (Duplantier, J.) (motion to correct illegal sentence under Louisiana law); *Trujillo v. Neet*, 66 F. App'x 150, 151 (10th Cir. 2003) (motion for sentence reconsideration); *Martin v. Embry*, 202 F.3d 282, 1999 WL 1123077, at *2 (10th Cir. Dec. 8, 1999) (Table, Text in Westlaw) (sentence reconsideration motion).

[23]Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing a motion for appeal. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). La. Code Crim. P. art. 914 requires a criminal defendant move for leave to appeal within thirty (30) days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence.

reconsider the sentence. Instead, on December 3, 2010, Vessell filed the application for writ of review with the Louisiana Fourth Circuit Court of Appeal. Although the Court labeled the pleading as a supervisory writ, the Court denied the application as moot without specifically addressing the substance of the motion. Vessell then sought the same review in the Louisiana Supreme Court. That Court denied the application without reasons and denied (not refused) Vessell's request for reconsideration.

Under these facts, there is no indication that the Louisiana courts found Vessell's motion and related writ applications to be procedurally improper. The state courts entertained Vessell's filings and ruled accordingly. The record does not support the State's argument that Vessell's state court pleadings were improper or had no bearing on the finality of his conviction. Vessell appears to have perpetuated review of his timely filed motion to reconsider his sentence extending the finality of his conviction and sentence.

For these reasons, the Court does not accept the State's limitations defense. The record reflects that Vessell's conviction become final under state law on Monday, May 14, 2012,[24] which was thirty days after the Louisiana Supreme Court denied his writ application related to the motion to reconsider, and he did not move for appeal. La. Code Crim. P. art. 914(b)(2).

**IV.     Standards of Review on the Merits of the Remaining Claims**

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000). It provides different standards for questions of fact, questions of law, and mixed questions of fact and law.

---

[24]The thirtieth day fell on Sunday, May 13, 2012, moving the finality to the next business day. La. Code Crim. P. art. 13 (weekend not included in the calculation of a period if it would otherwise be the last day of the period).

A state court's determinations of questions of fact are presumed correct and the court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2) (2006); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1) (2006).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA. The standard provides that deference be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485.

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210 F.3d at 485. A state court's decision can involve an "unreasonable application" of federal law if it either: (1) correctly identifies the governing rule but then applies it unreasonably to the facts; or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *See Williams*, 529 U.S. at 410. The

Court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *Id.* "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. 685, 699 (2002)).

Thus, under the "unreasonable application" determination, the Court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Price*, 538 U.S. at 641 (quoting *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006). In addition, review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011).

## V.    **Excessive Sentence**

Vessell argues that his seven year sentences on counts two and three are excessive, because he did not intentionally violate the sex offender registration laws. He specifically complains that the concurrent seven year sentences renders his overall term of imprisonment too harsh.[25]

As discussed above, Vessell raised this argument in his motion to reconsider his sentence. In denying the motion, the Trial Court specifically determined that the sentences imposed were within the statutory limits and were not excessive. The Court also noted that the sentences were part of Vessell's plea agreement with the State. This was the last state court opinion to provide reasons

---

[25]St. Rec. Vol. 3 of 3, Motion to Reconsider Sentence, dated 10/14/10.

for the denial of relief on the motion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate the basis for its ruling, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

To the extent Vessell challenges the state courts' compliance with Louisiana's sentencing laws and the Louisiana Constitution, his claim is not the concern of federal habeas review. *Butler v. Cain*, 327 F. App'x 455, 457 (5th Cir. 2009). Instead, federal courts accord broad discretion to a state trial court's sentencing decision that falls within statutory limits. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987); *Turner v. Cain*, 199 F.3d 437, 1999 WL 1067559, at *3 (5th Cir. Oct. 15, 1999) (Table, text in Westlaw) (sentence was within Louisiana statutory limits and within trial court's discretion, therefore petitioner failed to state cognizable habeas claim for excessive sentence). As will be discussed, the sentences imposed upon Vessell clearly fell within those limits.

When a sentence is within the statutory limits, a federal habeas court will not upset the terms of the sentence unless it is shown to be grossly disproportionate to the gravity of the offense. *See Harmelin v. Michigan*, 501 U.S. 957, 993-95 (1991); *Solem v. Helm*, 463 U.S. 277, 290-91 & n.17 (1983). "[W]hen a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality,'" a court then considers (a) the sentences imposed on other criminals in the same jurisdiction; and (b) the sentences imposed for commission of the same offense in other jurisdictions. *Smallwood v. Johnson*, 73 F.3d 1343, 1346-47 (5th Cir. 1996); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992).

If the sentence is not "grossly disproportionate," in the first instance, the inquiry is finished. *United States v. Gonzales*, 121 F.3d 928 (5th Cir.1997), *cert. denied*, 522 U.S. 1063 (1998). As the Supreme Court has noted, outside the context of capital punishment, successful proportionality

10

challenges are "exceedingly rare", and constitutional violations are sustained in only "extreme" or "extraordinary" cases. *Ewing*, 538 U.S. at 23-30 (citations omitted); *Lockyer v. Andrade*, 538 U.S. 63 (2003).

Vessell's challenge is directed to the concurrent seven year prison sentences he received on the two counts of failure to register as a sex offender.[26] For these charges, Vessell faced a penalty range for a first conviction for failure to register as a sex offender of a fine of not more than $1,000.00 and imprisonment with hard labor for not less than two nor more than ten years without benefit of parole, probation, or suspension of sentence. La. Rev. Stat. Ann. § 15:542.1.4(A)(1). Vessell received concurrent prison sentences of seven years on counts two and three, which clearly fell within the statutory range of two to ten years in prison. The negotiated sentence was also imposed without restrictions of the sentencing benefits and without a fine, which both would otherwise be required by the statute.

In other words, Vessell's sentence is lenient compared to many sentences imposed by the Louisiana courts, including those where the defendant claimed an unintentional failure to register and those after entry of a guilty plea. *State v. Bergeron*, 99 So.3d 90, 91 (La. App. 3d Cir. 2012) (maximum ten (10) year prison sentence without benefit of parole, probation or suspension of sentence imposed where defendant could have complied and did not); *State v. Frith*, --- So.3d ----,

---

[26]Although it is not challenged here, the Court notes that Vessell's sentence for first degree injury to public records is also well within the sentencing range he faced. That charge carries a penalty range of imprisonment for not more than five years with or without hard labor and/or a fine of not more than $5,000.00. La. Rev. Stat. Ann. §14:132(C). Under the habitual offender laws for a second offense at the time, Vessell's sentence was to be not less than one-half of the longest term and not more than twice the longest term prescribed for a first offense. La. Rev. Stat. Ann. § 15:529.1(A)(1). The habitual offender law was amended in 2010 to provide that, for a second offense where the first offense was a sex offense, the sentence would be not less than two-thirds of the longest possible sentence for the conviction and not more than three times the longest possible sentence prescribed for a first conviction, without benefit of probation, parole, or suspension of sentence. La. Rev. Stat. Ann. § 15:529.1(A)(2) (amended Acts 2010, No. 973, § 2, eff. July 6, 2010). This change did not effect Vessell's sentencing exposure on that charge.

2011 WL 6183592, at *2 (La. App. 2d Cir. 2011) (negotiated sentence of seven and one-half (7½) years in prison without benefit of parole, probation or suspension of sentence imposed after guilty plea); *State v. Mueller*, 53 So.3d 677, 684-85 (La. App. 4th Cir. 2010) (maximum ten (10) year prison sentence imposed based in part on defendants other criminal history and likelihood of sex crime recidivism); *State v. Washington*, 26 So.3d 922, 923-24 (La. App. 2d Cir. 2009) (eight (8) year prison sentence without benefit of parole, probation or suspension of sentence based on defendant's other criminal history and the fact that he failed to register for eight (8) years).

Vessell has not shown that his concurrent sentences were grossly disproportionate or unconstitutionally excessive in light of the crime for which he was convicted and considering the fact that he negotiated his plea to include the sentences. The state courts' denial of relief on this issue was not contrary to established Supreme Court case law, nor was it an unreasonable application of Supreme Court precedent. Vessell is not entitled to relief on this claim.

## VI. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Norris Vessell, Sr.'s petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[27]

New Orleans, Louisiana, this 25th day of March, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[27]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.